UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON SCOTT LAVERGNE<br>    LA. DOC #424229<br>VS. | CIVIL ACTION NO. 6:14-0185<br><br>SECTION P<br><br>JUDGE HAIK |
| JIMMY C. PETERS, ET AL. | MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Brandon Scott Lavergne ("Lavergne"), proceeding in *forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on February 4, 2014.  Lavergne is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana where he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish following his August 17, 2012 convictions for the murder of Michaela Shunick ("Shunick") and Lisa Pate ("Pate").  Lavergne names Louisiana Third Circuit Court of Appeal Judges Jimmie C. Peters, Billy Howard Ezell, J. David Painter (collectively "the Judges") and Clerk of Court Charles K. McNeely ("the Clerk") as defendants.

Lavergne alleges that the Judges violated his constitutional rights by denying his writ applications as deficient without allowing him an opportunity to correct the cited deficiencies.  He further complains that the denials are signed by one judge instead of all three judges assigned to the case.  Accordingly, by this action, Lavergne seeks

compensatory damages from all defendants for mental anguish and punitive damages "to make them understand they can not do this."  Lavergne also seeks injunctive relief ordering the defendants to return deficient writ applications to the filer within fifteen days and allowing a thirty day grace period to refile a corrected application, and further ordering that all three judges assigned to a case separately sign each ruling to ensure that each judge has seen the ruling and agrees with it.

This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## LAW AND ANALYSIS

On August 17, 2012, Lavergne pled guilty to two counts of first degree murder for the murders of Shunick and Pate, with the stipulation that he be sentenced to life imprisonment on each count.  In accordance with the plea agreement, Lavergne was sentenced that date to life imprisonment on each count.  Lavergne did not directly appeal his convictions or sentences.  Post-Conviction relief has not been granted.[1]  Moreover, neither this or any other federal court has issued a writ of *habeas corpus*.

**I.  Screening**

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983,  the court is obligated to evaluate the complaint and dismiss it without service of process, if

---

[1]This information was confirmed by communication with the Clerk of the Fifteenth Judicial District Court and the Louisiana Third Circuit Court of Appeal.

the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, Lavergne has set forth specific facts which he claims entitles him to damages and injunctive relief; he has pleaded his best case. The facts alleged by Lavergne have been accepted as true for the purposes of this Report. Nevertheless, Lavergne's claims are subject to dismissal for the reasons which follow.

**II. Judicial Immunity**

It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd*, 31 F.3d at 284; *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993), *abrogated on other*

*grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir. 1995), *cert. denied*, 516 U.S. 1129 (1996), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. *Boyd*, 31 F.3d at 284 *citing Young v. Biggers*, 938 F.2d 565, 569 fn. 5 (5th Cir. 1991).

Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Id.* at 10 (citation omitted). Judicial immunity is a matter of policy and is necessary because a judge "should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967).

Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; judicial immunity "applies even when the judge is accused of acting

maliciously and corruptly." *Mireles*, 502 U.S. at 11 *quoting Pierson*, 386 U.S. at 554. In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that [courts] must consider."  *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).

Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction.  *Boyd,* 31 F.3d at 284 *citing Mireles*, 502 U.S. at 11-12, 112 S.Ct. at 288.   A judge's acts are judicial in nature if they are "'normally performed by a judge'" and the parties affected "'dealt with the judge in his judicial capacity.'" *Id.* at 285 *citing Mireles*, 112 S.Ct. at 288 *quoting Stump*, 435 U.S. at 362.  "Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Malina,* 994 F.2d at 1125.  A Louisiana Appellate Court has subject matter jurisdiction over all appeals and writ applications in civil and criminal proceedings which arise within its circuit.  La. Const. Article 5, § 10(A).

Plaintiff's allegations demonstrate that the complained of actions of the Judges were judicial in nature, and were taken in connection with Lavergne's writ applications, within the jurisdiction of the appellate court to which the Judges were elected. Therefore, the Judges are entitled to immunity, and Lavergne's damage claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

## III.  Clerk Immunity

Lavergne has also named the Third Circuit Court of Appeal Clerk of Court as a

defendant herein. Although he has made no express allegations of fault against the Clerk, it is clear from the allegations in the complaint, read as a whole, that the Clerk is immune from suit. The Fifth Circuit has held that court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). That is clearly the case herein. The Clerk merely mailed decisions of the Court as he is required to do under the Rules of Court and at the Judge's direction. *See Kasterner v. Lawrence,* 390 Fed. Appx. 311, 315 (5th Cir. 2010 ) (Clerk of Court absolutely immune for performing the ministerial task of issuing process at the direction of the judge). Accordingly, Lavergne's claim for monetary damages against the Clerk of Court should be dismissed as seeking monetary damages from a defendant who is immune from suit. *Benoit v. 16th Judicial Dist. Court*, 2010 WL 1418589 (W.D. La. 2010).[2]

**IV. Injunctive Relief**

In addition to monetary damages, Lavergne seeks injunctive relief in the form of an order directing the Louisiana Third Circuit Court of Appeal to adopt his recommended procedure for filing and review of deficient writ applications, including a requirement mandating that each appellate court judge individually sign every writ decision. Clearly, this court has no authority to issue such an order to a the Louisiana Third Circuit Court of Appeal, its Clerk of Court or its sitting judges. *See Moye v. Clerk, DeKalb County*

---

[2] Further, a clerk of court and his deputies are entitled to qualified immunity involving routine actions. *Parker v. Shemwell*, 2009 WL 211708 W.D. La. 2009) *citing Clay v. Allen, supra.* Lavergne's allegations fail to overcome this immunity.

*Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (a federal court lacks the general power to direct state courts and their judicial officers in the performance of their duties) *citing Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971) and *Haggard v. Tennessee,* 421 F.2d 1384 (6th Cir. 1970); *Anderson v. Law Firm of Shorty, Dooley & Hall*, 393 Fed. Appx. 214, 216 (5th Cir. 2010) *citing Moye, supra.*; *Johnson v. Bigelow*, 239 Fed. Appx. 865, 865 (5th Cir. 2007) (affirming dismissal of request for injunctive relief against a state judge because federal courts lack the authority to direct state judicial officers in the performance of their duties); *Whittington v. Maxwell,* 2009 WL 1651535, *1 (W.D. La. 2009) *citing Johnson, supra.* ("while 'judicial immunity does not bar claims for injunctive or declaratory relief in civil rights actions[,] . . . the federal courts have no authority to direct state courts or their judicial officers in the performance of their duties.'"); *Wingo v. Lincoln Parish,* 2012 WL 1854565, *6 (W.D. La. 2012) *citing Johnson, supra*. and *Holloway v. Walker,* 765 F.2d 517, 525 (5th Cir. 1985) ("federal courts do not enjoy the authority to direct state courts or their judicial officers in the performance of their duties"); *Burden v. Walker*, 2012 WL 2995702, *1 (E.D. Tex. 2012) *citing Johnson*, *supra.* (the principle that federal courts cannot direct state judicial officers in the performance of their duties encompasses request for injunctive relief as well as mandamus relief).

## V. State Law Claims

To the extent that Lavergne's allegations may be construed as asserting claims under Louisiana law, this Court should decline to exercise supplemental jurisdiction

7

pursuant to 28 U.S.C. § 1367(c)(3).[3]

A district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); *Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 510 (W.D. La. 2001). Indeed, when a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. *Id. citing Bass v. Packwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) *citing Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). However, the dismissal should be without prejudice. *Id.*

In light of the above, all federal claims asserted against the defendants will be dismissed; no federal question will remain before this court. Accordingly, the undersigned recommends that this Court decline supplemental jurisdiction over any state law claims asserted by Lavergne, dismissing those claims without prejudice.

For the reason set forth above;

**IT IS RECOMMENDED** that Lavergne's civil rights complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) for failure to state a claim upon which relief can be granted because Appellate Judges Peters, Ezell and

---

[3]This Court cannot exercise diversity jurisdiction, over any claims asserted by Lavergne under Louisiana State law because complete diversity is lacking. For exercise of this Court's diversity jurisdiction, it is axiomatic that complete diversity is required. Thus, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. *Exxon v. Allapattah*, 545 U.S. 546, 553, 125 S.Ct. 2611, 2617 (2005) *citing Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) and *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). In sum "[i]ncomplete diversity destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618. Here, both Lavergne, the named Appellate Court Judges and the Clerk of Court are Louisiana citizens. Accordingly, complete diversity is lacking.

Painter and Clerk of Court McNeely are immune from suit for monetary damages.

**IT IS FURTHER RECOMMENDED** that Lavergne's claims for injunctive relief be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Lavergne's claims under Louisiana State law, if any, be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, March 5, 2014.

_C. Michael Hill_

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RTH
On: 3/5/2014
By: MBD